# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONALD MILES, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | 3:19-CV-2091 |
| | : | (JUDGE MARIANI) |
| KROWIAK, et al., | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

Plaintiff Donald Miles, who is proceeding *pro se* and *in forma pauperis*, initiated this § 1983 action on December 11, 2019 against multiple defendants including judges, prosecutors, detectives, a public defender, and Lackawanna County. (*See* Doc. 1). In his Complaint, Plaintiff lists the following claims: (1) false arrest; (2) false imprisonment; (3) unreasonable seizure; (4) assault and battery; (5) violation of due process, notice; (6) violation of equal protection; (7) *Monell*;[1] (8) malicious prosecution; (9) civil conspiracy; (10) Thirteenth Amendment; and (11) Eight Amendment. *Id.*

All named defendants have filed motions to dismiss Plaintiff's Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (*See* Docs. 7, 9, 15, 22). This matter was referred to Magistrate Judge Susan Schwab to prepare a Report and Recommendation ("R&R"). On November 17, 2020, Magistrate Judge Schwab issued an

---

[1] *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

R&R (Doc. 27) recommending that "the complaint should be dismissed against Judges Barrase [sic] and Corbett, and prosecutors Krowiak, Powell and Gallagher, because they enjoy absolute immunity from suit." (Doc. 27 at 2). The R&R further recommends that "the complaint should be dismissed against defense attorney Toczydlowski, as he is not a proper party under § 1983." (*Id*). Finally, Magistrate Judge Schwab recommends that "the complaint be stayed against and administratively closed against the remaining parties until the criminal charges against Miles are resolved in state court."[2] (*Id*). Plaintiff filed Objections to the R&R (Doc. 28) on November 27, 2020, to which Defendants did not file a response. For the reasons discussed below, the Court will overrule Plaintiff's Objections and adopt the pending R&R.

A District Court may "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition" of certain matters pending before the Court. 28 U.S.C. § 636(b)(1)(B). If a party timely and properly files a written objection to a Magistrate Judge's Report and Recommendation, the District Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or

---

[2] At the time the R&R was issued, Plaintiff was a pretrial detainee housed in the Lackawanna County Prison. However, taking judicial notice of Plaintiff's criminal docket from the Court of Common Pleas of Lackawanna County, CP-35-0000078-2018, the Court observes that Plaintiff entered a guilty plea to the charge brought under 35 P.S. § 780-113(a)(30) for the "Manufacture, Delivery, or Possession With Intent to Manufacture or Deliver" on April 15, 2021. Plaintiff was subsequently sentenced on April 15, 2021 and released from confinement on probation.

recommendations to which objection is made." *Id.* at § 636(b)(1)(C); *see also, Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011); M.D. Pa. Local Rule 72.3.

Here, in response to the pending R&R, Plaintiff filed five objections. Because Plaintiff's objections are both timely and specific, the Court will conduct the required *de novo* review of Magistrate Judge Schwab's R&R findings and address each objection in turn.

Plaintiff's first objection "is to Judge Schwabs [sic] factual background and procedural history," which states that "Judge Schwabs [sic] version of Miles's complaint do [sic] not state what Miles claims are and how the defendants is [sic] personally involved in depriving Miles of rights." (Doc. 28 at 7). More specifically, Plaintiff claims that "Judge Schwab looks only at the criminal docket number CP-35-CR-078-2018." (*Id*). Plaintiff argues that the Court "should not just look at the criminal docket number CP-35-078-2018," but should "look at the amended informations [sic] dated April 16, 2018, April 30, 2018 and May 1, 2018." (*Id.* at 17). Plaintiff's objection to the R&R's factual background and procedural history section is without merit.

"In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). The "Amended Information" documents dated April 16, 2018, April 30, 2018 and May 1, 2018 that Plaintiff claims were overlooked in the R&R were attached to Plaintiff's Complaint. (*See* Doc. 1 at 16–21). Plaintiff has not

3

pointed to any specific factual allegation or other relevant information within these documents that he believes was omitted from the R&R's analysis. Instead, Plaintiff has merely restated his version of the factual allegations and legal claims outlined in the Complaint in narrative form. (*See* Doc. 28 at 7–17). Thus, the Court finds that Magistrate Schwab properly considered the factual allegations contained within Plaintiff's Complaint and the attachments thereto in her analysis of the motions to dismiss pending in this matter. Plaintiff's first objection is therefore overruled.

Plaintiff's second objection is "to Judge Schwabs [sic] recommendation that Miles's complaint should be dismissed against Judges Barrasse and Corbett, and prosecutors Krowiak, Powell and Gallagher, because they enjoy absolute immunity from suit." (Doc. 28 at 18). Without distinction between the judges and prosecutors, Plaintiff argues that Defendants Barrasse, Corbett, Krowiak, Powell and Gallagher have performed actions "outside of the scope of their employment that is protected by absolute or qualified immunity and judicial immunity," including "keep[ing] Miles detained in the County prison, and continu[ing] to seize Miles for appearances in court as their confidential informant for prosecution," and " order[ing] Miles to court." (*Id.* at 19–20). Plaintiff's argument fails.

"Although § 1983 purports to subject '[e]very person]' acting under color of state law to liability for depriving any other person in the United States of 'rights, privileges, or immunities secured by the Constitution and laws,' the Supreme Court has recognized that § 1983 was not meant to 'abolish wholesale all common-law immunities.'" *Yarris v. County of*

*Delaware*, 465 F.3d 129, 134–35 (3d Cir. 2006) (quoting *Pierson v. Ray*, 386 U.S. 547, 554 (1967)). "To that end, the Court has identified two kinds of immunities under § 1983: qualified immunity and absolute immunity." *Id.* at 135. Although "[m]ost public officials are entitled only to qualified immunity," the Supreme Court has determined that absolute immunity is appropriate for those public officials who perform "special functions." *Id.* Such "absolute immunity attaches to those who perform functions integral to the judicial process," such as judges, advocates, and witnesses. *Williams v. Consovoy*, 453 F.3d 173, 178 (3d Cir. 2006).

"The Supreme Court has long recognized that judges are immune from suit under section 1983 for monetary damages arising from their judicial acts." *Gallas v. Supreme Court of Pennsylvania*, 211 F.3d 760, 768 (3d Cir. 2000). To determine whether judicial immunity is applicable, the Court must engage in a two-part inquiry: "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* (internal citations and quotation marks omitted).

> With respect to the first inquiry, the factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity. Our task is to "draw the line between truly judicial acts, for which immunity is appropriate, and acts that simply happen to have been done by judges, such as administrative acts.
>
> With respect to the second inquiry, we must distinguish between acts in the "clear absence of all jurisdiction," which do not enjoy the protection of absolute

5

immunity, and acts that are merely in "excess of jurisdiction," which do enjoy that protection.

*Id.* at 769 (internal citations and quotation marks omitted).

Here, a review of the factual allegations set forth in Plaintiff's Complaint support the R&R's conclusion that Judges Barrasse and Corbett should be dismissed from this action under the application of judicial immunity. The allegations in Plaintiff's Complaint demonstrate that he only interacted with Judges Barrasse and Corbett in their judicial capacities. The actions of Judges Barrasse and Corbett outlined in the Complaint are those routinely performed by judges in criminal proceedings, such as appointing defense counsel, presiding over hearings, ordering a defendant detained pending trial and requiring him to appear in court. Further, Plaintiff's Complaint provides no indication that Judges Barrasse and Corbett acted in clear absence of all jurisdiction at any time during Plaintiff's criminal proceedings.

Similar to a judge, "a prosecutor enjoys absolute immunity for actions performed in a judicial or 'quasi-judicial' capacity." *Odd v. Malone*, 538 F.3d 202, 208 (3d Cir. 2008). This immunity attaches to a prosecutor's actions such as "participation in court proceedings and other conduct intimately associated with the judicial phases of litigation." *Carter v. City of Phila.*, 181 F.3d 339, 356 (3d Cir. 1999). By contrast, "[a] prosecutor's administrative duties and those investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings are not entitled to absolute immunity." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993).

The factual allegations in Plaintiff's Complaint support the R&R's conclusion that Defendants Krowiak, Powell and Gallagher are immune from suit as prosecutors and should be dismissed from this § 1983 action. Plaintiff's allegations as to Defendants Krowiak, Powell and Gallagher focus solely on their general acts of prosecuting his criminal case. As Magistrate Judge Schwab pointed out, "the decision to initiate a prosecution is at the core of a prosecutor's judicial role," and a prosecutor is immune when making this decision. *Kulwicki v. Dawson*, 969 F.2d 1454, 146 –65 (3d Cir. 1992).

Further, Plaintiff's assertion that he was forced by Defendants Barrasse, Corbett, Krowiak, Powell and Gallagher to be a confidential informant appears nowhere within the factual allegations of his Complaint. In fact, the only mention of "confidential informant" that appears in Plaintiff's Complaint is that "I was never a confidential informant." (Doc. 1 at ¶ 17). Therefore, Plaintiff's second objection to the R&R is overruled.

Plaintiff's third objection is "to Judge Schwabs [sic] report and recommendation that Miles's claims against attorney Joseph Toczydlowski should be dismissed." (Doc. 28 at 22). Plaintiff argues that "Toczydlowski combined with the other defendants on his own will in a conspiracy to force Miles to labor as a confidential informant in violation of the Thirteenth Amendment for prosecution with the defendants for the conspiracy alleged to be between Miles and Mr. Jordan." (Doc. 28 at 23).

Plaintiffs' claimed constitutional deprivations are brought under 42 U.S.C. § 1983 which states in pertinent part as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C.A. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that "(1) ... the conduct complained of was committed by a person acting under color of state law and (2) ... [that] the conduct deprived the complainant of rights secured under the Constitution or federal law." *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 590 (3d Cir.1988).

In determining whether a party is considered a state actor or private person for purposes of § 1983 claims, "[t]he principal question at stake is whether there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotation marks and citation omitted). To answer that question, the Third Circuit has outlined three broad tests generated by Supreme Court jurisprudence:

> (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity.

*Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotation marks, citations and alterations omitted). The nexus determination requires the Court to engage in a fact specific analysis. *Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995).

A review of the factual allegations in Plaintiff's Complaint support's the R&R's conclusion that "[a]s a public defender . . . Toczydlowski was not acting under color of state law, thus he cannot be held liable under § 1983." (Doc. 27 at 12). The Supreme Court has held that "[a] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Plaintiff has not alleged any facts to support that Defendant Toczydlowski performed any actions outside the scope of his traditional functions as Plaintiff's defense counsel. Plaintiff's bald assertion that Defendant Toczydlowski conspired with the other defendants to criminally prosecute Plaintiff, without any supporting factual basis, does not plausibly demonstrate a close nexus between the State and Toczydlowski sufficient to support liability as a state actor under § 1983. Plaintiff's third objection is therefore overruled.

Plaintiff's fourth objection is "to Judge Schwab [sic] stay of the proceedings, *Heck* rule, and when the statute of limitations begin [sic] to run for the false arrest claim." (Doc. 28 at 24).

The Motion to Dismiss filed by Defendants Krowiak, Powell, Gallagher, Zech and Munley (Doc. 7) is based, in part, on application of *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994).[3] (*See* Doc. 13 at 5). In the R&R, Magistrate Judge Schwab concluded that

---

[3] In *Heck*, the Supreme Court held that:

> [i]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence

9

because "Miles has not yet been convicted . . . *Heck*'s favorable termination requirement does not apply" and "defendants' argument that Miles's complaint should be dismissed pursuant to *Heck* is premature." (Doc. 27 at 16, 17). Citing to *Wallace v. Kato*, 549 U.S. 384, 393–94 (2007),[4] the R&R recommends that "the prudent course of action is to stay the entire suit and administratively close it until the criminal proceedings against Miles have concluded." (*Id.* at 17). Magistrate Judge Schwab further concluded that "it is unnecessary at this time to address the merits of defendants' remaining arguments that Miles did not

---

invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

"The purpose of [*Heck*'s] favorable termination requirement is to avoid 'the possibility of the claimant [sic] succeeding in the tort action after having been convicted in the underlying criminal prosecution, in contravention of a strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction." *Bronowicz v. Allegheny County*, 804 F.3d 338, 345 (3d Cir. 2015).

[4] In *Wallace*, the Supreme Court clarified that in the context of a § 1983 action relating to an anticipated future conviction, "it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Wallace*, 549 U.S. at 393–94. "If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit." *Id.* (citing *Edwards v. Balisok*, 520 U.S. 641, 649 (1997); *Heck*, 512 U.S. at 487)).

10

sufficiently plead civil conspiracy claims or that Miles's state law claims are barred by sovereign immunity." (*Id.* at 17–18).

However, a review of Plaintiff's docket from the Court of Common Pleas of Lackawanna County, CP-35-0000078-2018, reveals that circumstances in Plaintiff's criminal proceedings have changed since the R&R was issued on November 17, 2020. On April 15, 2021, Plaintiff entered a guilty plea to the charge brought under 35 P.S. § 780-113(a)(30) for the "Manufacture, Delivery, or Possession With Intent to Manufacture or Deliver." Plaintiff was subsequently sentenced on April 15, 2021 and released from confinement on probation. As the R&R's recommendation that the case be stayed was based on the fact that "plaintiff has yet to be convicted and his civil claims are closely related to his criminal proceedings," the Court finds such change in circumstances requires remand to Magistrate Judge Schwab for further consideration of the motions to dismiss filed by remaining Defendants Zech, Munley and Lackawanna County. Specifically, Magistrate Judge Schwab must determine whether Plaintiff's claims are now barred under *Heck*.

Finally, Plaintiff "objects to Judge Schwabs [sic] R&R that Miles cannot seek immediate release from unlawful detention." (Doc. 28 at 27). Plaintiff has put forward only a single sentence generally objecting to the R&R's determination that Plaintiff cannot seek immediate relief from unlawful detention as a remedy in a § 1983 action (Doc. 27 at 5) with no further analysis or citation to case law. Plaintiff's objection is without merit and is therefore overruled. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("when a state

prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus").

For the above-discussed reasons, the Court will overrule Plaintiff's Objections and adopt the pending R&R as modified. The Motion to Dismiss filed by Defendants Barrasse, and Corbett (Doc. 9) and the Motion to Dismiss filed by Defendant Toczydlowski (Doc. 22) will be granted, and Plaintiff's claims against Defendants Barrasse, Corbett and Toczydlowski will be dismissed with prejudice. The Motion to Dismiss filed by Defendants Krowiak, Powell, Gallagher, Zech and Munley (Doc. 7) will be granted as to Defendants Krowiak, Powell, and Gallagher, and Plaintiff's claims against those defendants will be dismissed with prejudice. That Motion (Doc. 7) will be remanded to Magistrate Judge Schwab for further consideration as to Defendants Zech and Munley. Finally, the Motion to Dismiss filed by Lackawanna County (Doc. 15) will also be remanded to Magistrate Judge Schwab for further consideration. A separate Order follows.

Robert D. Mariani
United States District Judge